Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Melissa Wagner; | ) | No. |
| | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| ALW Sourcing, LLC; | ) | (Jury Trial Demanded) |
| Resurgent Capital | ) | |
| Management, LP; and | ) | |
| LVNV Funding, LLC; | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.  Preliminary Statement**

1.   Plaintiff brings this action for damages based upon
     Defendants' violations of the Fair Debt Collection
     Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter
     "FDCPA").  Plaintiff seeks an award of statutory
     damages, actual damages, court costs and attorney's

1   fees.

2   ## II.   Statutory Structure of FDCPA

3   2.   Congress passed the FDCPA to eliminate abusive debt
4   collection practices by debt collectors, to insure
5   that those debt collectors who refrain from using
6   abusive   debt   collection   practices   are   not
7   competitively   disadvantaged,   and   to   promote
8   consistent state action to protect consumers against
9   debt collection abuses. FDCPA § 1692.

10  3.   The FDCPA is designed to protect consumers who have
11  been   victimized   by   unscrupulous   debt   collectors
12  regardless of whether a valid debt exists.   Baker v.
13  G.C. Services Corp., 677 F.2d 775, 777 (9th Cir.
14  1982).

15  4.   The FDCPA defines a "consumer" as any natural person
16  obligated or allegedly obligated to pay any debt.
17  FDCPA § 1692a(3).

18  5.   The   FDCPA   defines   "debt"   as   any   obligation   or
19  alleged   obligation   of   a   consumer   to   pay   money
20  arising   out   of   a   transaction   in   which   the   money,
21  property,   insurance,   or   services   which   are   the
22  subject   or   the   transaction   are   primarily   for
23  personal,   family,   or   household   purposes.    FDCPA §
24  1692a(5).

25  6.   The FDCPA defines "debt collector' as   any person

who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

## III.   JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §§ 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## IV.   PARTIES

9. Plaintiff is an individual residing in Maricopa County, Arizona.

10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).

11. Defendant ALW Sourcing, LLC ("ALW") is a Maryland

- 3 -

limited liability company doing business within the state of Arizona as a collection agency.

12. ALW is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0909418.

13. ALW collects or attempts to collect debts owed or asserted to be owed or due another.

14. In the alternative, ALW collects or attempts to collect debts it has purchased or acquired after default.

15. ALW is a "debt collector" as that term is defined by FDCPA § 1692a(6).

16. Defendant Resurgent Capital Services, L.P. is a foreign limited partnership doing business within the state of Arizona as a collection agency.

17. Resurgent is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905404.

18. Resurgent collects or attempts to collect debts owed or asserted to be owed or due another.

19. In the alternative, Resurgent collects or attempts to collect debts it has purchased or acquired after default.

20. Resurgent is a "debt collector" as that term is defined by FDCPA § 1692a(6).

- 4 -

21. Defendant LVNV Funding, LLC is a foreign limited liability company doing business within the state of Arizona as a collection agency.

22. LVNV collects or attempts to collect debts owed or asserted to be owed or due another.

23. In the alternative, LVNV collects or attempts to collect debts it has purchased or acquired after default.

24. LVNV is a "debt collector" as that term is defined by FDCPA § 1692a(6).

25. LVNV and Resurgent are affiliated companies.

26. At all times relevant herein, ALW was acting on behalf of and with authority from LVNV and Resurgent in its attempt to collect an alleged debt from Plaintiff.

### V.   FACTUAL ALLEGATIONS

27. Sometime prior to 2004, Plaintiff had a Sears charge card which was used for personal, family and household purposes.

28. In or prior to 2004, Plaintiff defaulted on her Sears charge card account.

29. On July 13, 2007, LVNV sued Plaintiff in the San Marcos Justice Court for the Sears debt it allegedly purchased.

30. On January 9, 2008, the San Marcos Court entered an

- 5 -

order dismissing the LVNV suit against Plaintiff with prejudice. (Copy of Order attached as Exhibit A).

31. Subsequent to the dismissal of the Justice Court action, LVNV assigned or sold the Sears account to Resurgent for collection purposes.

32. Upon information and belief, at the time LVNV assigned or sold the account to Resurgent, it did not inform Resurgent that the debt had been included in the lawsuit against Plaintiff, that the case had been dismiss with prejudice, and or that Plaintiff disputed the alleged debt.

33. In the alternative, when LVNV assigned or sold the Sears account to Resurgent, it notified Resurgent that the account was included it the lawsuit LVNV filed against Plaintiff, that the case had been dismissed with prejudice, and or that Plaintiff disputed the alleged debt.

34. Upon information and belief, at the time Resurgent assigned the Sears account to ALW, it did not inform ALW that the debt had been included in a lawsuit against Plaintiff, that the case had been dismissed with prejudice, and or that Plaintiff disputed the alleged debt.

35. In the alternative, at the time Resurgent assigned

the Sears account to ALW for collection, it notified ALW that the account was included it a lawsuit LVNV filed against Plaintiff, that the case had been dismissed with prejudice, and or that Plaintiff disputed the alleged debt.

36. Upon information and belief, at the time LVNV assigned or sold the account to Resurgent, it did not inform Resurgent that Plaintiff was represented by counsel concerning the Sears account.

37. In the alternative, when LVNV assigned or sold the Sears account to Resurgent, it notified Resurgent that Plaintiff was represented by counsel concerning the alleged debt.

38. Upon information and belief, at the time Resurgent assigned the account to ALW, it did not inform ALW that Plaintiff was represented by counsel concerning the Sears account.

39. In the alternative, when Resurgent assigned or sold the Sears account to ALW, it notified ALW that Plaintiff was represented by counsel concerning the alleged debt.

40. On or about February 13, 2010, ALW sent Plaintiff a collection letter demanding payment of the Sears account which was the subject of the LVNV litigation. (Copy of ALW letter attached as Exhibit

1   B).

2   41. By sending Exhibit B to Plaintiff, ALW was

3       attempting to collect an amount not owed as LVNV's

4       claim for alleged debt had been dismissed with

5       prejudice against Plaintiff.

6   42. Defendants' actions as set forth herein were

7       intentional, willful, and in gross or reckless

8       disregard of Plaintiff's rights and part of their

9       persistent and routine practice of debt collection.

10  43. In the alternative, Defendants' actions were

11      negligent.

12              **VI.  Causes of Action**

13          **a.  Fair Debt Collection Practices Act**

14  44. Plaintiff repeats, realleges, and incorporates by

15      reference the foregoing paragraphs.

16  45. Defendants' violations of the FDCPA include, but are

17      not necessarily limited to, 15 U.S.C. §§

18      1692c(a)(2), 1692e(2)(A), 1692e(5), 1692e(8),

19      1692e(10), and 1692f(1).

20              **VII.  DEMAND FOR JURY TRIAL**

21      Plaintiff hereby demands a jury trial on all issues

22  so triable.

23              **VIII.  PRAYER FOR RELIEF**

24      WHEREFORE, Plaintiff requests that judgment be

25  entered against Defendants for:

- 8 -

1    a)    Statutory damages of $1,000 for each Defendant

2            pursuant to FDCPA § 1692k;

3    b)    Actual damages in amount to be determined at

4            trial;

5    c)    Costs and reasonable attorney's fees pursuant to

6            §1692k; and

7    d)    Such other relief as may be just and proper.

8

9    DATED ___January 19, 2011___ .

10

11                   ___s/ Floyd W. Bybee___

                     Floyd W. Bybee, #012651

12                  **BYBEE LAW CENTER, PLC**

                     2473 S. Higley Road

13                  Suite 104-308

                     Gilbert, AZ 85295-3023

14                  Office: (480) 756-8822

                     Fax: (480) 302-4186

15                  floyd@bybeelaw.com

16                  Attorney for Plaintiff

17

18

19

20

21

22

23

24

25